UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HENRY EDWARDS, JR.,

      Plaintiff,

v.                                                                Case No. 1:17-cv-496

                                                 Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplement security income (SSI).

Plaintiff alleged a disability onset date of November 11, 2014.  PageID.228. Plaintiff identified his disabling conditions as: diverticulitis; constant lower stomach pain; cholesterol; and diabetes.  PageID.232.  Prior to applying for DIB and SSI, plaintiff completed the 12th Grade, with past employment as an automobile assembler, a press operator, a machine operator, and a record packager/record handler.  PageID.89, 111-112, 233.  Administrative law judge (ALJ) Condon reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on November 16, 2016.  PageID.83-91.

## I.    LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42

U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe

impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, ALJ Condon found that plaintiff had not engaged in substantial gainful activity since the alleged onset

date of November 11, 2014, and that he meets the insured status of the Social Security Act through December 31, 2019.  PageID.85.

At the second step, the ALJ found that plaintiff had severe impairments of irritable bowel syndrome (IBS) and diabetes mellitus.  PageID.86.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.86.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he cannot work around moving machinery or unprotected heights and cannot work where there would be exposure to temperature extremes.

PageID.87.  The ALJ also found that plaintiff was capable of performing his past relevant work as a package handler --  work which does not require the performance of work-related activities precluded by his residual functional capacity (RFC).  PageID.89.

The ALJ, however, continued to the fifth step stating that in the alternative, plaintiff could perform a significant number of unskilled jobs at the medium exertional level in the national economy.  PageID.89-90. Specifically, the ALJ found that plaintiff could perform the requirements of medium and unskilled occupations in the national economy such as industrial cleaner (664,000 jobs), counter supply worker (125,000 jobs), and linen room attendant (10,000 jobs).  PageID.90. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from November 11, 2014 (the alleged onset date) through November 16, 2016, 2016 (the date of the decision).  PageID.91.

## III.   DISCUSSION

Plaintiff set forth three issues on appeal:

4

**A.     Dr. Brasseur— plaintiff's treating physician — gave the opinion that plaintiff could not engage in any substantially gainful employment because of his symptoms and the side effects of his medications. Dr. Brasseur's opinion was supported by the medical records and his undisputed sworn testimony. It was error for the ALJ to only give partial weight to Dr. Brasseur's opinion, and the ALJ's finding in that regard was not supported by substantial evidence in the record.**

**B.     Dr. Brasseur undisputedly stated that "under no circumstances could Mr. Edwards lift 50 pounds at a time or frequently lift or carry 25 pounds at a time" and that plaintiff cannot even perform sedentary work because of the nature of his conditions.  It was error for the ALJ to conclude that plaintiff had an RFC to perform medium work, and that finding was not supported by substantial evidence in the record.**

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records."  *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  *See* 20 C.F.R. §416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record.   *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. §416.927(c)(2).   Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source.   *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed Dr.  Brasseur's opinion as follows:

Physical examinations suggest that the claimant is capable of work activity consistent with the above residual functional capacity (RFC). . . .

Based upon his treating relationship with the claimant the undersigned grants partial weight to the opinion of Dr. Brasseur that the claimant's condition will keep him from attending work on a regular basis and suggests the claimant would miss more than 30% of his work schedule in a month's time under the best of circumstances (Ex. 2F, 3F). However, this opinion is not consistent with the doctor's treating records or with the record as a whole and for this reason it is only assigned partial weight.

PageID.88.

The record reflects that Dr. Brasseur expressed multiple opinions in a 21-page deposition taken on October 22, 2015 and identified as Exhibit 3F.  PageID.298-304.  However, the ALJ did not address the opinions expressed in this deposition other than refer to a statement that plaintiff would miss 30% of his work schedule in a month's time.  PageID.88.  Based on this record, the ALJ did not address the substance of the doctor's opinions sufficient for the Court to discern which opinions were consistent with the doctor's treating records, which opinions were inconsistent with the treating records, and which opinions were assigned partial weight.  In short,

6

the ALJ has failed to give good reasons for the weight assigned to Dr. Brasseur's opinion.

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985), quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984). Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should identify and re-evaluate Dr. Brasseur's opinions.[1]

> **C.    The medical records and testimony support the conclusion that plaintiff cannot perform medium work as it exists in the national economy, and the vocational expert testified that plaintiff's limitations and absences due to his diagnoses would be work-preclusive. Therefore, the ALJ erred in determining that plaintiff could perform past relevant work as a package handler and similar jobs in the national economy, and his decision was not based on substantial evidence.**

As discussed, *supra*, the ALJ did not address Dr. Brasseur's opinions. Because the Commissioner will be re-evaluating the doctor's opinion on remand, it is premature for the Court

---

[1] The Court notes that plaintiff has submitted copies of documents sent to the Appeals Council which were not part of the administrative record. *See* Exhibit 1 (ECF No. 13-1). When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988). Because plaintiff has not requested a sentence-six remand, Exhibit 1 is not relevant to the present appeal.

to address whether any particular alleged limitation is work preclusive.  Accordingly, plaintiff's claim of error will be denied.

### IV.    CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).   On remand, the Commissioner is directed to re-evaluate Dr. Brasseur's opinion.  A judgment consistent with this opinion will be issued forthwith.  The ALJ's determination is supported by substantial evidence.


Dated:  September 18, 2018                    /s/ Ray Kent
                                              United States Magistrate Judge